UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

MIGUEL ANDRES LOPEZ CORNIELES,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR, and WARDEN NORTHWEST ICE PROCESSING CENTER,

Respondents.

No. 2:26-CV-01300-SAB

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 5. Petitioner is representing himself in the matter. Respondents are represented by Michelle R. Lambert.

Petitioner, a citizen of Venezuela, entered the United States on January 16, 2018, pursuant to a valid tourist visa. Petitioner failed to depart the United States upon the expiration of his visa and remained without lawful status.

Petitioner was detained on February 2, 2026, pursuant to 8 U.S.C. § 1226(a), and was denied bond. On April 27, 2026, after Petitioner filed his petition, a bond redetermination hearing was held in front of an immigration judge (IJ), where bond was once again denied as Petitioner failed to establish that he was not a flight risk.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 1**

On May 14, 2026, an IJ denied Petitioner's application for relief from removal and ordered him removed to Venezuela. Petitioner has until June 15, 2026, to appeal that decision.

Petitioner requests the Court order a bond hearing, or, in the alternative, order his immediate release. Petitioner asserts the lack of a bond hearing during his prolonged detention violates the Due Process Clause of the Fifth Amendment.

Civil detention must be lawful at its inception and reasonably related to its purpose. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). It must also be accompanied by meaningful procedural safeguards. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Fifth Amendment prohibits the Government from depriving an individual of liberty without due process of law. The "fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*.

Noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings at the outset of detention. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018); 8 C.F.R. § 236(c)(8). Detainees are entitled to challenge the initial determination at a bond redetermination hearing in front of an IJ. 8 C.F.R. § 236(c)(8).

In determining what process is constitutionally required, courts apply the three-factor balancing test set forth in *Mathews*: (1) the private interest affected, (2) the risk of erroneous deprivation through the procedures used and the value of additional safeguards, and (3) the government's interest. *Mathews*, 424 U.S. at 335. The Ninth Circuit has confirmed that this test applies in the immigration detention context. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

Here, Petitioner has a private liberty interest in not being detained. Petitioner received an initial bond determination hearing and a redetermination hearing, as required by statute, and was denied bond. The Government has an interest in

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 2**

enforcing immigration laws and ensuring noncitizens are present for immigration proceedings.

As Petitioner has already received the requested bond hearing, it appears his petition is moot. Further, immediate release is inappropriate, as it appears Petitioner received a bond hearing at the outset of his detention. *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) (immediate release is appropriate in circumstances where a civil detainee did not receive any process pre-deprivation).

Accordingly, **IT IS HEREBY ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus, ECF No. 5, is **DENIED**.

**DATED** this 28th day of May 2026.

Stanley A. Bastian
United States District Judge

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** * 3