UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

MIGUEL ANDRES LOPEZ CORNIELES,

                    Petitioner,

        v.

ICE FIELD OFFICE DIRECTOR, and WARDEN NORTHWEST ICE PROCESSING CENTER,

                    Respondents.

No. 2:26-CV-01300-SAB

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court are Petitioner's Motion for Extension of Time, ECF No. 12, and Motion for Reconsideration, ECF No. 13. Petitioner is representing himself in the matter. Respondents are represented by Michelle R. Lambert. The Motions were considered without oral argument.

Petitioner, a citizen of Venezuela, entered the United States on January 16, 2018, pursuant to a valid tourist visa. Petitioner failed to depart the United States upon the expiration of his visa and remained without lawful status.

Petitioner was detained on February 2, 2026, pursuant to 8 U.S.C. § 1226(a), and was denied bond. On April 27, 2026, a bond redetermination hearing was held in front of an immigration judge (IJ), where bond was once again denied based on

**ORDER DENYING MOTION FOR RECONSIDERATION * 1**

Petitioner's flight risk. On May 5, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, requesting the Court order a bond hearing or, in the alternative, order his immediate release from custody. On May 14, 2026, an IJ denied Petitioner's application for relief from removal and ordered him removed to Venezuela. Petitioner indicates he has appealed that decision, and the appeal remains pending.

On May 28, 2026, this Court denied Petitioner's Petition for Writ of Habeas Corpus as he had already received the required bond hearings. Petitioner did not file a reply memorandum by the deadline indicated in the Court's Scheduling Order. On June 1, 2026, Petitioner filed a Motion for Extension of time to file a reply memorandum, indicating the mailing delay within the detention facility resulted in him receiving Respondent's response memorandum after the deadline to file a reply memorandum had passed. On June 8, 2026, Petitioner filed a Motion for Reconsideration, providing the Court with his reply memorandum and requesting the Court reconsider its denial of his habeas petition.

Motions for reconsideration are disfavored and are not appropriate if used to revisit issues already addressed by the Court or to advance new arguments that could have been raised in prior briefing. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *American Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration should be granted when a district court: (1) is presented with newly discovered evidence, (2) committed clear error, or (3) if there is an intervening change in the controlling law. *Kona*, 229 F.3d at 890.

Petitioner's Motion for Reconsideration and the reply memorandum contained within fails to provide this Court with any new information that would materially affect the outcome of its prior decision. Petitioner's habeas petition was denied because he already received the bond hearings he was entitled to, and the Court lacked a justifiable basis upon which to order his release. Petitioner's

**ORDER DENYING MOTION FOR RECONSIDERATION * 2**

concerns over Respondents' characterization of his criminal record is not a sufficient basis to revisit the Court's prior order.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Petitioner's Motion for Extension of Time, ECF No. 12, is **DENIED as moot**.

2.      Petitioner's Motion for Reconsideration, ECF No. 13, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this order, provide copies to counsel and to pro se Petitioner, and **close** the file.

**DATED** this 8th day of July 2026.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION * 3**